Filed 10/27/15  Cal. Dept. of Transportation v. Briseno CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA DEPARTMENT OF TRANSPORTATION,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>FRANCISCO JAVIER BRISENO,<br><br>    Defendant and Appellant. | D065271<br><br><br><br>(Super. Ct. No. 37-2012-00093894-CU-EI-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Judith F. Hayes, Judge.  Affirmed.

Francisco J. Briseno, in pro. per., for Defendant and Appellant.

Jeanne E. Scherer, Jeffrey R. Benowitz, and Scott R. Fridell, for Plaintiff and Respondent.

In this eminent domain case, defendant Francisco Javier Briseno appeals a judgment awarding him $195,000 as just compensation for 2.75 acres of unimproved

land. Briseno contends the trial court erred by not allowing him or his wife to testify about their opinion of value and by not permitting his expert witness to testify regarding a transaction he contends was a comparable sale. We conclude the trial court did not abuse its discretion in making these evidentiary rulings and we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

A

The People of the State of California, acting by and through the California Department of Transportation (State), filed a complaint in eminent domain to acquire 2.75 acres of unimproved property owned by Briseno in the City of Chula Vista (Subject Property), for state highway purposes. A jury reached a verdict awarding Briseno just compensation in the amount of $195,000. Judgment was entered on November 14, 2013. Briseno raises two evidentiary issues on appeal.

B

As required by Code of Civil Procedure section 1258.250, Briseno exchanged a statement of valuation data for the witness he intended to call to testify at trial, a real estate appraiser. The appraiser estimated the fair market value of the Subject Property was $420,000, based on a sales comparison approach of eight property transactions.

The State filed a motion in limine to preclude the introduction of evidence or testimony regarding one of the transactions, "Land Datum No. 2" (No. 2). Transaction No. 2 involved the sale of property across the street from the University of San Diego, located in Linda Vista. A developer purchased adjacent property to develop a 533-unit apartment complex. As a condition of the development, the developer was required to

2

either purchase property No. 2 and dedicate it to the City of San Diego for public park use, or provide funds in the amount of $980,000 toward development at different locations. The developer chose to purchase property No. 2 for $950,000.

The appraiser's opinion of the highest and best use of the Subject Property was agriculture and/or park. Briseno argued transaction No. 2 should be included as a comparable sale because it was a recent sale of property to be used as a public park. The State argued transaction No. 2 was not comparable to the Subject Property because there was no land near the Subject Property that could be developed under the conditions present for transaction No. 2. The State further argued the $950,000 purchase price does not represent what a buyer would pay for property No. 2, but rather what a developer had to pay in order to be able to develop the adjacent apartment complex.

The State contended inclusion of transaction No. 2 would unduly confuse the jury and it should be excluded under Evidence Code section 352.[1] Briseno responded by arguing the appraiser could explain how each property contributed to his ultimate value opinion and how he took into account these differences. The court excluded evidence of transaction No. 2 under section 352, finding it would cause undue consumption of time and confusion of the issues because of transaction No. 2's connection to the development of the apartment complex.

---

[1] Further statutory references are to the Evidence Code unless otherwise specified.

C

The State also filed a motion in limine to preclude Briseno from testifying regarding the value of plants on the Subject Property because Briseno did not file a statement of valuation data for himself. Briseno's counsel argued a statement of valuation data was not required for Briseno's testimony because Briseno would give fact testimony about the plants and would not offer opinion evidence about their value. The court ruled Briseno would be allowed to testify as to the number of plants on the Subject Property, but he could not discuss any dollar figures related to the value of the plants.

DISCUSSION

I

*Standard of Review*

We review a court's evidentiary rulings for abuse of discretion. (*McCoy v. Pacific Maritime Assn.* (2013) 216 Cal.App.4th 283, 295.) "The trial court enjoys 'broad authority' over the admission and exclusion of evidence." (*Ibid.*) Abuse of discretion is not shown "by merely arguing that a different ruling would have been better. Discretion is abused only when in its exercise, the trial court 'exceeds the bounds of reason, all of the circumstances before it being considered.' " (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281, quoting *Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 566.) "[T]o obtain a reversal based on the erroneous exclusion of evidence, [an appellant] is required to show a 'miscarriage of justice,' meaning that 'a different result was probable if the evidence had been admitted.' " (*P&D Consultants, Inc. v. City of Carlsbad* (2010) 190 Cal.App.4th 1332, 1348.)

4

## II

### *Briseno's Opinion of Value*

Briseno first contends the trial court erred in precluding him or his wife from testifying about their opinion of the value of the Subject Property. Briseno does not cite to, and we have not found, where in the record the trial court made such a ruling or order.[2] Briseno refers to one page of the reporter's transcript, but that page and the surrounding pages relate to Briseno's trial testimony regarding his knowledge of the plants on the Subject Property, not his opinion regarding the value of the Subject Property.

Briseno has not shown he or his wife ever sought to testify about their opinion of the value of the Subject Property. "[F]ailure to make an adequate offer of proof in the court below ordinarily precludes consideration on appeal of an allegedly erroneous exclusion of evidence." (*Shaw v. County of Santa Cruz, supra*, 170 Cal. App. 4th at p. 282, citing § 354.) Even if such an offer of proof were made, Briseno has not shown how inclusion of their opinion of value would have changed the result given the fact they had an expert real estate appraiser testify on their behalf. Thus, there has been no showing of miscarriage of justice to warrant reversal. (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.)

---

2    All appellate briefs must support any reference to a matter in the record by a citation to the record. (Cal. Rules of Court, rule 8.204(a)(1)(C).) "The appellate court is not required to search the record on its own seeking error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 768.) Issues may be considered waived if a party's brief fails to adequately cite to the record. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)

To the extent Briseno may be contending he should have been able to testify about the value of the plants, we find no merit in such a contention. Briseno's counsel explained no statement of valuation data was filed for Briseno because he did not intend to give opinion testimony about the value of the plants. The State's appraiser included a value for the plants as personal property in his statement of valuation data based on the opinion of a consulting certified arborist. Both the appraiser and the arborist testified at trial. Briseno did not present a similar statement of valuation data regarding his opinion of the value of the plants, which is required by Code of Civil Procedure section 1258.250 whether or not the individual is qualified to testify as an expert. (Cal. Law Revision Com. com., 19 West's Ann. Code Civ. Proc., (2007 ed.) foll. § 1258.250, p. 606 ["a statement must be provided for the owner of the property if he is to testify concerning value, damages, … or other items of compensation"].) Therefore, the trial court did not abuse its discretion in precluding Briseno from testifying regarding the value of the plants.

III

*Exclusion of Transaction No. 2 from Comparable Sale Evidence*

Briseno next contends the trial court erred by not permitting his expert witness to testify regarding a comparable sale listing. Again, Briseno fails to support this contention with adequate citations to the record. In exercising our discretion to consider Briseno's position, we presume he is referring to transaction No. 2. (See *Del Real v. City of Riverside*, *supra*, 95 Cal.App.4th at p. 768.)

6

After considering the fact Briseno's expert had seven other comparables, the court determined the risk of confusion and the undue consumption of time necessary to explain the unique factors surrounding transaction No. 2 outweighed the probative value of using this transaction as a comparable sale.  (§ 352.)  We cannot conclude the trial court's exercise of discretion was beyond the bounds of reason.  Further, Briseno has not shown that inclusion of the evidence would have changed the result.  (*P&D Consultants, Inc. v. City of Carlsbad*, *supra*, 190 Cal.App.4th at p. 1348.)

DISPOSITION

The judgment is affirmed.  Respondent shall recover its costs on appeal.


MCCONNELL, P. J.

WE CONCUR:


NARES, J.


MCDONALD, J.

7